# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| In Re: | |
|---|---|
| TAYLOR QUALITY CONCRETE, INC., | **Bankruptcy Case No. 06-40021** |
| **Debtor.** | |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

      Erika Lessing and Mark Miller, Pike and Miller, Idaho Falls, Idaho, Attorney for Debtor.

      Janine Reynard, Office of the U.S. Trustee, Boise, Idaho.

      On September 27, 2006, chapter 11 debtor Taylor Quality Concrete, Inc. ("Debtor") filed an Application to Employ Pike & Miller P.A. as its attorneys ("Application") in this bankruptcy case. Docket No. 70. In the Application, Debtor requests that the employment be approved *nunc pro tunc* to February 8, 2006, the date the bankruptcy petition was filed. There is no dispute that Pike & Miller P.A. ("Counsel") meet all the requirements to be employed as set forth in

MEMORANDUM OF DECISION - 1

§ 327(a).[1]  No objections were filed in response to the Application.  However, at the hearing concerning the Application conducted on November 22, 2006, the U. S. Trustee appeared and offered an oral objection to the Application to the extent approval is sought *nunc pro tunc*.  Minutes, Docket No. 100.

Pursuant to Local Bankruptcy Rule 2014.1(c), the Court ordered that the Application be approved effective as of September 27, 2006, the date which it was filed.  The Court allowed Debtor and the U.S. Trustee additional time to submit briefs addressing whether the order approving the Application should be retroactively effective to the petition date of February 8, 2006.  The parties have each filed briefs in support of their positions.  Docket Nos. 101; 103.  After considering the parties' arguments, the Court concludes the Application cannot be approved *nunc pro tunc*.  The following constitutes the Court's findings, conclusions and reasons for its disposition.  Fed. R. Bankr. P. 9014; 7052.

### *Factual Background*

Counsel represented Debtor prior to the commencement of the bankruptcy case in negotiations with creditors and in state court collection actions.

---

[1] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9036, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005).

MEMORANDUM OF DECISION - 2

Aff. of Counsel, Docket No. 70.  In order to prevent a foreclosure on Debtor's assets, and to allow Debtor time to sell the business as a going concern to generate a higher price, Counsel and Debtor determined it was advisable that Debtor seek protection under chapter 11 of the Code.

The attorneys representing Debtor admit that they have no significant prior exposure to bankruptcy law other than in representing creditors.  Even so, they considered Debtor's need to file for bankruptcy relief to be urgent, and Debtor was unable to retain an experienced chapter 11 attorney to handle the bankruptcy.  Therefore, Counsel filed the chapter 11 petition for Debtor on February 8, 2006.  Docket No. 1.

The attorneys working on Debtor's bankruptcy case explained they were unaware of the need to file an application to approve Counsel's employment as Debtor's attorneys pursuant to § 327(a) and Rule 2014(a) until the U.S. Trustee recently brought it to their attention.  Counsel thereafter helped Debtor file the Application.[2]  Counsel argues it has provided extensive services to benefit the Debtor and bankruptcy estate, and the failure to file the Application sooner was merely an oversight that was remedied promptly when the attorneys involved

---

[2] Contrary to the requirements of Rule 2014(a), Debtor's officer did not sign the application to employ Counsel.  Presumably, this was also an error stemming from Counsel's lack of familiarity with the process and failure to attend to the details mandated by the Rule.

MEMORANDUM OF DECISION - 3

realized it. Counsel suggests that although the lawyers in the firm have little experience representing debtors in bankruptcy, without the legal services they provided, Debtor would have been unable to obtain the bankruptcy relief it so urgently needed. On this basis, Debtor requests that the Application be approved as of the date the petition was filed.

The U.S. Trustee objects, and in its usual summary fashion, contends Counsel's misunderstanding of the law does not constitute such exceptional circumstances to justify approval of the Application *nunc pro tunc*. United States Trustee's Limited Obj. at 3, Docket No 101.

### *Disposition*

### I.

Section 327 and Rule 2014 set forth the framework and procedure for obtaining bankruptcy court approval of the employment by the trustee or debtor-in-possession of professional persons. "In bankruptcy proceedings, professionals who perform services for a debtor in possession cannot recover fees for services rendered to the estate unless those services have been previously authorized by a court order." *Atkins v. Wain, Samuel & Co.* (*In re Atkins*), 69 F.3d 970, 973 (9th Cir. 1995) (citing § 327(a), Rule 2014(a), and *McCutchen, Doyle, Brown & Enersen v. Official Comm. of Unsecured Creditors* (*In re Weibel, Inc.*),

MEMORANDUM OF DECISION - 4

176 B.R. 209, 211 (9th Cir. BAP 1994)). Therefore, if they intend to be compensated for their efforts, it is imperative for a debtor's attorneys to receive Court approval prior to commencing services for the bankruptcy estate.

There is an exception to the general rule, in that bankruptcy courts in the Ninth Circuit "possess the equitable power to approve retroactively a professional's valuable but unauthorized services." *Atkins*, 69 F.3d at 974. However, such retroactive relief is available only upon a showing of "exceptional circumstances." *Id.* "It is clear that there is no right to a *nunc pro tunc* order." *In re Kroeger Prop. and Dev., Inc.*, 57 B.R. 821, 822 (9th Cir. BAP 1986). The BAP explained that approving employment *nunc pro tunc* is limited to "exceptional circumstances" in order to:

> deter attorneys from general non-observance of Section 327. Otherwise, any attorney who is qualified to serve as a counsel for a debtor in possession could ignore the requirement that a court order be obtained before commencing work. Since professionals are charged with knowledge of the law, there is no unjust hardship in requiring them to observe the strict requirements of Section 327.

*In re Kroeger Prop. and Dev., Inc.*, 57 B.R. at 822–23.

"For the professional seeking an order approving employment *nunc pro tunc*, 'exceptional circumstances' exists when the professional (1) satisfactorily explains his failure to receive prior judicial approval; and (2)

MEMORANDUM OF DECISION - 5

demonstrates that his services benefitted the bankrupt estate in a significant manner." *In re Ball*, 04.3 I.B.C.R. 87, 87 (Bankr. D. Idaho 2004) (citing *Atkins*, 69 F.3d at 974). Whether to approve an application for employment *nunc pro tunc* is committed to the discretion of the bankruptcy court. *In re Kroeger Prop. and Dev., Inc.*, 57 B.R. at 822.

**II.**

There is no dispute that Counsel has rendered beneficial services to the bankruptcy estate in connection with the commencement and prosecution of the chapter 11 case prior to the date the Application was filed. Although the attorneys responsible for representing Debtor confess a lack of experience in this type of bankruptcy case, the Court has observed these attorneys work diligently and earnestly to represent Debtor's interests. And while, at times, the attorneys demonstrated in their practices and court appearances a lack of familiarity with the substantive and procedural "rules of the road" in this case, the Court has no concerns about the results obtained through Counsel's services, nor that those services would be compensable under the standards of § 330(a).

On the other hand, while the Court does not doubt the benefit of Counsel's services to the estate, if the attorneys representing Debtor were "unaware" of the legal requirement that their employment be approved, that lack

MEMORANDUM OF DECISION - 6

of knowledge resulted from their failure to consult the Code or Rules, and the cases construing the applicable provisions.  Surely, an attorney's self-imposed lack of awareness of the legal requirements of chapter 11 should not justify avoidance of the consequences of failure to comply with the law.

Moreover, the record does not support Counsel's claim that, in fact, its attorneys were unaware that the firm's employment must be approved by the Court, nor of the consequences of a failure to timely obtain that employment. Indeed, on February 9, 2006, the day after Debtor's bankruptcy petition was filed, a copy of U.S. Trustee's "Operating Guidelines and Reporting Requirements for Chapter 11 Cases" ("the Guidelines") were filed in this case.  Docket No. 3.  On the same day, the record reflects an electronic notice of the filing of the Guidelines was served on Mark Miller, the principal attorney representing Debtor in this case. Among the Guidelines, the following information is found:

<u>EMPLOYMENT AND COMPENSATION OF PROFESSIONALS</u>

> The employment of professionals (including, but not limited to attorneys, accountants, appraisers, or auctioneers) must be approved by the Court. Generally, professionals will not be compensated for services rendered prior to Court approval. No payments may be made to such professionals after the filing of the petition without Court authorization, after notice to creditors, and a hearing. A corporate or partnership debtor must be represented by an attorney; such debtor may not appear pro se.

Docket No. 3 at 5–6.  A copy of the Guidelines was also mailed to Debtor's

MEMORANDUM OF DECISION - 7

designated responsible corporate officer on February 9, 2006.

Counsel asks the Court to excuse the failure to seek approval of its employment at the time of filing the petition for reasons it suggest are similar to those that persuaded the Court to do so in *In re Soderquist*, 349 B.R. 23 (Bankr. D. Idaho 2005). But the facts here are distinguishable from those in *Soderquist*. In that case, an experienced bankruptcy attorney mistakenly believed his application had been filed with the Court at the same time as the bankruptcy petition was submitted, in accordance with counsel's long-established practice. Instead, the attorney later discovered the signed but unfiled application in his case file. *Id.* at 24–25. Based upon the Court's experience with that lawyer, and the fact that the attorney had routinely filed an employment application in each case he represented debtors when the bankruptcy case was commenced, the Court was persuaded that the lawyer's failure to file the employment application in *Soderquist* was truly an error in fact. The Court concluded, under the particular circumstances presented, that exceptional circumstances had been demonstrated, and that an order approving the application *nunc pro tunc* was appropriate. In other words, the Court concluded, denial of retroactive approval in that case would not "deter attorneys from general non-observance of Section 327." *In re Kroeger Prop. and Dev., Inc.*, 57 B.R. at 822–23.

MEMORANDUM OF DECISION - 8

This Court recently distinguished *Soderquist* in an unpublished decision, *In re Melton*, Case No. 06-00748, 2006 WL 3078992 *3–4 (Bankr. D. Idaho October 30, 2006). In *Melton*, the debtor's counsel argued Rule 1007(c) provided a fifteen day window after the petition was filed within which the debtor may file an application for approval of employment of an attorney such that approval of that application should relate back to the date the petition was filed. *Id.* at *2. The Court concluded the application to employ could not be approved *nunc pro tunc* because erroneous interpretations of the law by the debtor's attorney do not rise to the level of exceptional circumstances necessary to justify a *nunc pro tunc* order. *Id.* at *4.

The facts presently before the Court more closely resemble those in *Melton*. In this case, Counsel, operating under an uninformed view of the law, failed to cause its client to file an application to employ until seven months after the commencement of the bankruptcy case. This is not a *Soderquist* situation, where debtor's counsel understood the necessity of filing the Application, but mistakenly believed that it had been filed. The Court is sympathetic to Counsel's predicament. However, the premise underlying Counsel's argument is that allowances should be made for practitioners who are unfamiliar with the requirements of bankruptcy law. The Code and Rules cannot operate in such a

MEMORANDUM OF DECISION - 9

fashion. Their provisions must apply equally to all professionals, regardless of experience. A lack of familiarity with the requirements of the Bankruptcy Code and Rules does not constitute exceptional circumstances justifying retroactive approval of the Application. While the consequences of failure to observe the Code and Rules may seem harsh, as the Ninth Circuit recently observed, it is "important for lawyers representing a bankruptcy debtor to turn square corners. *Zilog, Inc. v. Corning* (*In re Zilog, Inc.*), 450 F.3d 996, 997 (9th Cir. 2006).

### *Conclusion*

Having failed to demonstrate the sort of exceptional circumstances required for the Court to enter an order approving Counsel's employment *nunc pro tunc* as of the date the petition was filed, that request will be denied.

A separate order will be entered.

Dated: January 2, 2007

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge